FILED IN
4th COURT OF APPEALS
,SAN ANTONIO, TEXAS
5/14/2015 4:44:43 PM
KEITH E. HOTTLE
Clerk

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
5/14/2015 4:44:43 PM
KEITH E. HOTTLE
Clerk

No. 51,045

STATE OF TEXAS $

COUNTY OF TRAVIS $

That I, PROSPER A. MIKA, of the County of Travis, State of Texas, being of sound and disposing mind and memory and over the age of eighteen (18) years, do hereby make, declare and publish this my Last Will and Testament, hereby revoking all Wills and Codicils by me at any time heretofore made.

I.

I will and direct that at the time of my death, I be given a Christianlike funeral suitable to my circumstances and station in life and that my legally enforceable debts, funeral expenses, expenses of the administration of my estate and all federal and state inheritance, estate and succession taxes be paid by my Executrix hereinafter appointed as soon after my death as can conveniently be done without the unnecessary sacrifice of any properties of my Estate.

II.

In the event my wife, IRENE M. MIKA, shall survive me, I bequeath and devise my entire estate in trust unto the Trustee, or Substitute Trustee, hereinafter appointed.

A. This Trust shall be known as the PROSPER A. MIKA, Trust.

B. I direct that my said Trustee shall hold and reinvest the property in the Trust Estate in accordance with the terms hereof, shall collect and receive the income therefrom, and after paying all expenses incident to the management of the trust shall pay all of the net income from the said trust to my beloved wife, IRENE M. MIKA, for so long as she shall live in as nearly equal monthly installments as practical.

C. Upon the death of my wife, IRENE M. MIKA, the trust estate shall pass to and vest in my children, THOMAS ANTHONY MIKA and PAMELA A. MIKA HANSON, in equal shares. . If the said THOMAS ANTHONY MIKA, or PAMELA A. MIKA HANSON, shall not survive my wife, my Executor or Trustee herein named, shall pay, convey and deliver the share which such beneficiary would have received, if living, unto his or her issue who shall be living at the time of the death of IRENE M. MIKA. If, at the time of the death of IRENE M. MIKA, any of the beneficiaries or devisees who are to receive a portion of the corpus of the trust then remaining on hand, are minors, then this trust shall continue as to

00923  0201

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full, true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on November 3, 2013

Carol Swize, County Clerk
Karnes County, Texas
By_____, Deputy



M. Bryant

such minors' interest until each of said minors shall attain his or her majority, at which time, such trust shall terminate as to the interest of said minor attaining his or her majority, and my Executrix or Trustee herein named, shall distribute to any such minor, who has attained his or her majority, his or her proportionate share of the corpus of said trust and any accumulated income which shall be on hand on the date of any such minor attaining his or her majority.

D. If my wife, IRENE M. MIKA, does not survive me, this bequest shall lapse.

### III.

In the event my wife, IRENE M. MIKA, shall not survive me, I bequeath and devise my entire estate in equal shares to my beloved children, THOMAS ANTHONY MIKA and PAMELA A. MIKA HANSON. If the said THOMAS ANTHONY MIKA, or PAMELA A. MIKA HANSON, shall not survive me, my Executrix herein named, shall pay, convey and deliver the share which such beneficiary would have received, if living, unto his or her issue who shall be living at the time of my death. If, at the time of my death any of the beneficiaries or devisees who are to receive a portion of my estate are minors, then the Executrix shall pay, convey, and deliver to the Trustee hereinafter named, the share or shares to which said minors are entitled, in trust, to be held by the Trustee, until each of said minors shall attain his or her majority, at which time such trust shall terminate as to the interest of said minor attaining his or her majority, and my Trustee herein named, shall distribute to any such minor, who has attained his or her majority, his or her proportionate share of the corpus of said trust and any accumulated income which shall be on hand on the date of any such minor attaining his or her majority.

### IV.

It is specifically provided that none of my property, nor the increase, income or proceeds thereof, nor the equitable title therein, while the same is held by said Trustee, in trust, shall be the subject of, or in any manner subjected to, any indebtedness, judgment, judicial process, creditor's bill, attachment, garnishment, execution, receivership, charge, levy or encumbrance whatsoever, nor shall the same be in any manner affected by the transfer, assignment, conveyances, sale or encumbrances, voluntary or involuntary, by

-00923-2-0202

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on __November 5, 2013__
Carol Swize, County Clerk
Karnes County, Texas
By_____Deputy

458

the said beneficiaries named herein, nor shall they have the right or power to transfer, assign, convey, sell, or encumber the same or any part thereof.

V.

I hereby nominate, constitute and appoint my wife, IRENE M. MIKA, as Trustee under the trust created by this my Last Will and Testament. Upon her death, or her refusal or failure to act as Trustee herein, then all of the rights, title, estates, duties, and powers hereinabove covered, imposed upon the Trustee, shall devolve upon and be exercised by my daughter, PAMELA A. MIKA HANSON. If the said PAMELA A. MIKA HANSON, does not survive me, fails or refuses to act as Substitute Trustee, then all of the rights, title, estates, duties and powers hereinabove covered, imposed upon the Trustee shall devolve upon and be exercised by FELIX F. MIKA, JR. and MARGARET MIKA. In the event that either FELIX F. MIKA, JR., or MARGARET MIKA, do not survive me, fail or refuse to act as Substitute Trustee, the survivor shall serve as my Substitute Trustee as the case may be. No bond for the faithful performance of duties shall be required of any person appointed in this Will as Trustee, nor shall they receive compensation.

VI.

My Executrix and Trustee shall have and possess all of the rights and powers and be subject to all of the duties and responsibilities conferred and imposed by the Texas Trust Act, as said Act now stands, or as it may hereafter be amended. Without in any way limiting the generality of the foregoing, I hereby grant to my Executrix and also to any Trustee hereunder, the following specific powers and authority in addition to, and not in substitution of powers conferred by law:

A. To compromise, settle, or adjust any claim or demand by or against my estate or any trust and to agree to any rescission or modification of any contract or agreement.

B. To retain any security or other property owned by me at the time of my death, so long as such retention appears advisable, to exchange any such security or property for other securities or properties and to retain such items received in exchange. My Executrix or Trustee may presume that I have confidence in the securities owned by me at the time of my death, and therefore, no sale thereof need be made solely in order to diversify investments.

00923-0203

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS,
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on ___ November 6, 2013

Carol Swize, County Clerk
Karnes County, Texas
By_____ Deputy



M. Bryant

C. To sell, exchange, assign, transfer and convey any security or property, real or personal, held in my estate or in any trust fund, at public or private sale, at such time and price and upon such terms and conditions (including credit) as such Executrix or Trustee may determine.

D. To invest and reinvest in such stocks, bonds and other securities and properties as such Executrix or Trustee may deem advisable, including stocks and unsecured obligations, undivided interests, interests in investment trusts, mutual funds, legal and discretionary common trust funds, leases, and property which is outside of my domicile, and without diversification as to kind or amount and without being restricted in any way by any statute or court decision (now or hereafter existing) regulating or limiting investments by fiduciaries.

E. To register and carry any property in her own name or in the name of her nominee or to hold it unregistered, but without thereby increasing or decreasing her liability as a fiduciary.

F. To sell or exercise any "Rights" issued on any securities held in my estate or in any trust fund hereunder.

G. Unless inconsistent with other provisions of this instrument to consider and treat as corpus all dividends payable in stock, all dividends in liquidation and all "rights" issued on securities, and to consider and treat as income all other dividends received (except those declared and payable as of a "record date" preceding my death, which shall be considered and treated as corpus).

H. To charge or credit to corpus any premiums and discounts on securities purchased at more or less than par.

I. To vote in person or by proxy any stock or securities held, and to grant such proxies and powers of attorney to such person or persons as she may deem proper.

J. To consent to and participate in any plan for the liquidation, reorganization, consolidation or merger of any corporation, any security of which is held.

K. To borrow money (from herself individually or from others) upon such terms and condition as she may determine and to mortgage and pledge estate and trust assets as security for the repayment thereof; and to lend trust funds,

00923 -0204

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic
copy of the original record now in my lawful cust-
ody and possession, as the same is recorded in
the Official Public records in my office, and I
hereby certify on November 3, 2013
Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy


I, Dara DeSoccaok, County Clerk, Travis County,
Texas, do hereby certify that this is a true and
correct copy as same appears of record in my office.
Witness my hand and seal of office on ___ 20 ___
Dara DeSoccaok, County Clerk
By Deputy
M. Bryant

on such terms and conditions as the Trustee may determine, to any beneficiary of the trust, in an amount not exceeding the pro rata beneficial interest in the trust corpus of such beneficiary.

L. To execute mineral leases, with or without unitization clauses or pooling provisions, covering any real estate and providing for the exploration for, and development and production of, oil, gas, liquid or gaseous hydro-carbons, sulphur; metals and/or any and all other metals and minerals, for such term or terms and upon such conditions and rentals and in such manner as she may deem advisable; and any lease so made shall be valid and binding for the full term thereof even though same shall extend beyond the duration of the trust.

M. To lease any real estate for such term or terms, and upon such conditions and rentals and in such manner as she may deem advisable, and any lease so made shall be valid and binding for the full term thereof even though the same shall extend beyond the duration of the trust. To make repairs, replacements and improvements, structural or otherwise, to any such real estate and to charge the expense thereof to corpus or income (or apportion same between corpus and income) as she may deem proper. To subdivide real estate; to dedicate same to public use and grant easements as she may deem proper.

N. Whenever required or permitted, to divide and distribute my estate or any trust created hereunder, to make such division or distribution in money or in kind or partly in money and partly in kind; and to exercise all power herein conferred, after the termination of any trust, until the same is fully distributed; and, in the absence of a showing of bad faith, her valuation of assets for the purpose of distribution in kind shall be conclusive and binding.

O. To employ accountants, attorneys and such agents as she may deem advisable; to pay reasonable compensation for their services and to charge same to (or apportion same between) income and corpus as she may deem proper.

P. Unless inconsistent with other provisions of this instrument, to hold two or more trust or other funds in one or more consolidated funds, in which the separate trusts or fund shall have undivided interests.

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on ___ November 8, 2013 ___
Carol Swize, County Clerk
Karnes County, Texas
By ___ Deputy

00923 -0205

VOL. 0745 PAGE 913



M. Bryant

Q. If any individual among the legatees named or provided for under the foregoing provisions of this Will (or under the provisions of any codicil to it hereafter executed by me) shall be a minor at the time of my death, then, and in that event, and notwithstanding any statue or rule of law to the contrary, I authorize my Executrix to pay or deliver the legacy to which each such minor shall be entitled to the parent or to the legal guardian of such minor or to the person with whom such minor shall then reside, and the receipt of such parent or guardian, or person with whom such minor shall then reside shall constitute a full acquittance of my Executrix with respect to the legacy so paid or delivered.

R. With regard to all policies of insurance on my life which designate any Trustee hereunder as beneficiary:

(1) to execute and deliver receipts and other instruments and to take such action as may be appropriate to obtain possession and control of such policies.

(2) to execute and file proofs of claim required to collect the proceeds thereof, and the receipt of my Trustee shall constitute full acquittance to insurance companies for all proceeds so paid; provided however, that my Trustee shall be under no obligation to institute legal proceedings for the collection of proceeds of any policy until and unless she has been indemnified to her satisfaction for all costs and expenses, including attorney fees.

(3) to elect in her discretion, any optional modes of settlement available to her under said policies.

(4) to receive insurance proceeds and to administer and distribute same as principal in accordance with the dispositive provisions of this Will; and in connection therewith to divide, apportion and distribute said proceeds between the trust created hereunder, including the power to make tentative allocations between such trust and subsequently adjust same.

(5) to use the proceeds of insurance policies in the purchase from my estate of such assets as the Trustees deems advisable

00923 0206

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on November 5, 2013

Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy


M. Bryant

Vol. 0745 PAGE 915

without being limited to assets authorized by law for the investment of trust funds.

S.  If the Trustee considers any distribution or termination of an interest or power hereunder as a distribution or termination of an interest or power hereunder as a distribution or termination subject to a generation-skipping tax, the Trustee is authorized:

1.  To augment any taxable distribution (except those made pursuant to a power of appointment) by an amount which the Trustee estimates to be sufficient to pay such tax and to charge the same to the particular trust or share to which the tax relates without adjustment of the relative interests of the beneficiaries;

2.  To pay such tax, in the case of a taxable termination, from the particular trust or share to which the tax relates without adjustment of the relative interests of the beneficiaries.  If said tax is imposed in part by reason of the trust property hereunder and in part by reason of other property, the Trustee shall pay only the portion of such tax attributable to the taxable termination hereunder, taking inconsideration deductions, exemptions, credit and other factors which the Trustee deems advisable; and

3.  To postpone final termination of any particular trust and to withhold all or any portion of the trust property until the Trustee is satisfied it no longer has any liability to pay the generation-skipping tax with reference to such trust or its termination.

T.  In the event any trust created pursuant to this Will shall be designated as the beneficiary or recipient of any proceeds paid or payable under any trust or plan exempt from federal estate taxation under Section 2039 of the Internal Revenue Code (or its successor or predecessor Code sections), such proceeds shall be held by the Trustee as an asset of the trust created hereunder, but not as an asset of my estate.  To the extent such proceeds have been exempt from federal estate taxes in my estate, the same shall not be used or expended for the purpose of paying any of my debts, the taxes attributable

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession; as the same is recorded in the Official Public records in my office; and I hereby certify on ___November 5, 2013___
Carol Svrize, County Clerk
Karnes County, Texas
By _____ Deputy

00923- 0207



M. Bryant

to my estate or the beneficiaries thereof, or for the purpose of paying any costs or expenses of administering my estate. As may be permitted, the Trustee shall have the right to negotiate and receive such proceeds in any manner she deems prudent and consistent with the tax (both estate and income) and other objectives of this trust and its beneficiaries.

U. I authorize and empower my Trustee, in her sole and absolute discretion, at any time and from time to time, to disburse from the corpus of the trust estate created under this will (even to the point of completely exhausting the same), such amounts as she may deem advisable to provide adequately and properly for the health, support, and maintenance, of the current income beneficiary thereof, his or her spouse and issue. In determining the amounts of corpus to be so disbursed, the Trustee shall take into consideration any other income which such income beneficiary or other persons may have from any other source, but not their capital resources and the Trustee's discretion shall be conclusive as to the advisability of any such disbursement and the same shall not be subject to judicial review. All such disbursement from corpus shall be charged against the trust fund from which they are made, and shall be charged against any individual share of corpus subsequently distributed to any beneficiary.

### VII.

All depreciation or depletion on any of the trust corpus while this trust remains in effect shall be taken by the Trustee as such for income tax purposes.

### VIII.

I hereby nominate, constitute and appoint my wife, IRENE M. MIKA, as Independent Executrix under this my Last Will and Testament. In the event my wife, IRENE M. MIKA, should predecease me, or fails to qualify, dies, resigns, or ceases to act for any reason as Executrix, then I nominate, constitute and appoint my daughter, PAMELA A. MIKA HANSON, to act as Executrix of this my Last Will and Testament. If the said PAMELA A. MIKA HANSON, does not survive me, or fails to qualify, resigns, or ceases to act for any reason as Executrix, then, and in that event, I nominate, constitute and appoint FELIX F. MIKA, JR., and MARGARET MIKA, as Independent Co-Executors of this my Last Will and Testament. In the event that either FELIX F. MIKA, JR., or

00923 0208

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on ___November 5, 2013___
Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy



H. Bryant

MARGARET HIKA, do not survive me, or fail to qualify, resigns, or ceases to act for any reason as Executor, the survivor shall serve as my Independent Executor, as the same may be. No bond or other security shall be required of my Executrix or any Executor appointed in this Will.

Any power and authority conferred upon my Executrix and Trustee under this Will, including any act of discretion, may be exercised by such of them as shall qualify and be acting hereunder as Executrix and trustee from time to time, and by the successor or successors of them, and I vest in my said Executrix full power and authority to sell, transfer and convey any property, real or personal, which I may own at the time of my death, at such time and place and upon such terms and conditions as she may deem.

IX.

It is my will that no other action shall be had in the County Court in the administration of my Estate than to prove and record this Will and to return an Inventory and Appraisement of my Estate and List of Claims.

IN TESTIMONY WHEREOF, I have signed and subscribed my name hereto in the presence of ___ Alicia S. Perez ___ and ___ Carolyn Wiatrek ___ , my attesting witnesses, who, at my request and in my presence and in the presence of each other sign their names hereto on this the 9th day of ___ December ___ , 1983.

PROSPER A. HIKA, Testator

The above and foregoing instrument was here now signed and subscribed by PROSPER A. HIKA, Testator, in our presence and we, at his request and in his presence and in the presence of each other sign our names hereto as attesting witnesses on the date above written.

Witness

Witness

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on ___ November 8, 2013 ___

Carol Swize, County Clerk
Karnes County, Texas
By ___ Deputy

00923- 0209

STATE OF TEXAS §

COUNTY OF KARNES §

BEFORE ME, the undersigned authority, on this day personally appeared PROSPER A. MIKA, ___Alicia S. Perez___ and ___Carolyn Wiatrek___, known to me to be the testator and the witnesses, respectively, whose names are subscribed to the annexed and foregoing instrument and in their respective capacities, and, all of said persons being by me duly sworn, the said PROSPER A. MIKA, testator, declared to me and to the said witnesses in my presence that said instrument is his last will and testament, and that he had willingly made and executed it as his free act and deed for the purposes therein expressed; and the said witnesses, each on his oath stated to me, in the presence and hearing of said testator, that the said testator had declared to them that said instrument is his last will and testament, and that he executed same as such and wanted each of them to sign it as a witness; and upon their oaths each witness stated further that they did sign the same as witnesses in the presence of the said testator and at his request; that he was at that time eighteen (18) years of age or over and was of sound mind; and that each of said witnesses was at least fourteen (14) years of age.

RECORDED IN OFFICIAL RECORDS
FILE DATE June 19, 2000
FILE TIME 11:30 O'CLOCK A.M.
VOL. 245 PAGE 906

RECORDING DATE
June 19, 2000

ELIZABETH SWIZE
COUNTY CLERK, KARNES COUNTY
BY _____

_____
PROSPER A. MIKA, Testator

_____
Witness

_____
Witness

ACKNOWLEDGED before me by the said PROSPER A. MIKA, the testator, and SUBSCRIBED AND SWORN TO before me by the said ___Alicia S. Perez___ and ___Carolyn Wiatrek___, witnesses, this 9th day of December A.D., 1983.

_____
NOTARY PUBLIC, STATE OF TEXAS
Ruthie Kowald - Commission
expires 11/30/84

Filed For Record this 19 day of _____ A.D. 20 00 At 11:30 o'clock A. M.
ELIZABETH SWIZE
County Court, Karnes County, Texas
By _____ Deputy

00923 -10⁄8210

I, Dana Dallmeyer, County Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as it now appears of record in my office. Witness my hand and seal of office at ___ 20 ___
Dana Dallmeyer, County Clerk
By Deputy
M. Bryant

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on ___November 7, 2013___
Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy

THE STATE OF TEXAS § AFFIDAVIT

COUNTY OF Bexar § KNOW ALL MEN BY THESE PRESENTS:

Before me, the undersigned authority, a notary public in and for the State of Texas, on this day personally appeared Max Hengst and Evelyn Hengst, each being by me duly sworn, upon oath depose and say that:

"I am well and personally acquainted with IRENE MIKA BOGNERIFE, who also is known as IRENE MIKA. I know from my own personal knowledge that this name is the name used by the said IRENE BOGNERIFE, and that they are one and the same person."

Further saith affiant not.

SUBSCRIBED AND SWORN TO BEFORE ME by the said Max Hengst on this the 16th day of June, 2000, to certify which witness my hand and seal of office.

> JOANN HENDLEY
> MY COMMISSION EXPIRES
> March 19, 2002

Notary Public, State of Texas

SUBSCRIBED AND SWORN TO BEFORE ME by the said Evelyn Hengst on this the 16th day of June, 2000, to certify which witness my hand and seal of office.

> JOANN HENDLEY
> MY COMMISSION EXPIRES
> March 19, 2002

Notary Public, State of Texas

RECORDED IN OFFICIAL RECORDS
FILE DATE June 19, 2000
FILE TIME 11:30 O'CLOCK A.M.
VOL 745 PAGE 919

RECORDING DATE
June 19, 2000

ELIZABETH SWIZE
COUNTY CLERK, KARNES COUNTY
BY Marilyn Bednoz

Filed For Record the 19 day of June A.D. 20 00 At 11:30 o'clock A.M.
ELIZABETH SWIZE

CERTIFIED COPY CERTIFICATE
STATE OF TEXAS
COUNTY OF KARNES
The above is a full true and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public records in my office, and I hereby certify on November 3, 200

Carol Swize, County Clerk
Karnes County, Texas
By _____ Deputy